**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EDUARDO NEZBETH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-145-M |
| | ) |
| L3 COMMUNICATIONS, | ) |
| a Delaware corporation, and | ) |
| L-3 VERTEX AEROSPACE | ) |
| CORPORATION, an Oklahoma | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is defendants' Motion to Dismiss Plaintiff's Claim for Relief under the Family and Medical Leave Act, filed June 27, 2007. On July 16, 2007, plaintiff filed his response, and on July 27, 2007, defendants filed their reply.

I.  Background[1]

Plaintiff, a mechanic electrician, was hired by defendant L-3 Vertex Aerospace Corporation ("L-3 Vertex")[2] on October 5, 2005. Plaintiff's initial work assignment was in Iraq. On April 9, 2006, plaintiff was involuntarily transferred to Kuwait. On May 4, 2006, upon the recommendation of a United States Navy Staff Psychiatrist at Camp Arifjan, Kuwait, plaintiff returned to the United States on medical leave due to major depressive disorder.

On February 5, 2007, plaintiff filed the instant action alleging violations of Title VII and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"). Defendants now move to dismiss

---

[1] The facts contained herein are based upon plaintiff's Amended Complaint.

[2] L-3 Vertex is a wholly-owned subsidiary of defendant L3 Communications Corporation.

plaintiff's FMLA cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

II.   Discussion

When reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996) (internal quotations and citations omitted).

Defendants assert that plaintiff's FMLA claim should be dismissed because the Amended Complaint lacks any allegation or series of allegations that, if true, would establish (1) that defendants are "employers" under 29 U.S.C. § 2611(4), or (2) that plaintiff was an "eligible employee" under the FMLA when his leave of absence began. Defendants also assert that plaintiff has no private cause of action based upon defendants' alleged failure to post notice of FMLA rights.

"In order to state a claim under the FMLA, a complaint must at least contain allegations which establish that, within the meaning of the FMLA, the defendant employer is an 'employer' and the plaintiff employee is an 'eligible employee.'" *Schmitt v. Beverly Health and Rehab. Servs., Inc.*, 962 F. Supp. 1379, 1383 (D. Kan. 1997) (internal quotations and citation omitted). Having carefully reviewed the Amended Complaint, the Court finds that it is devoid of any allegations which assert

that defendants are an "employer" within the meaning of the FMLA[3] or that plaintiff is an "eligible employee" within the meaning of the FMLA.[4]  Further, the Court finds that, based upon the facts alleged in the Amended Complaint, plaintiff is unable to meet the definition of "eligible employee." Plaintiff states in his Amended Complaint that he was hired on October 5, 2005, and went on medical leave on May 4, 2006, approximately seven months later.  Plaintiff, thus, had not been employed by L-3 Vertex for 12 months prior to going on leave and, therefore, is not an "eligible employee" within the meaning of the FMLA.

Plaintiff, however, contends that he need not be an eligible employee to pursue an interference claim under 29 U.S.C. § 2615(a).  The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).  The right to leave under the FMLA is provided only to eligible employees. 29 U.S.C. § 2612(a)(1).  The Court, thus, finds that the FMLA does not protect an attempt to exercise a right that is not provided by the FMLA, i.e., the right to leave before one becomes eligible therefor.  *See Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004).

---

[3]The FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; . . ." 29 U.S.C. § 2611(4)(A)(i).

[4]The FMLA defines "eligible employee" as follows:
    an employee who has been employed –
    (i) for at least 12 months by the employer with respect to whom leave
    is requested under section 2612 of this title; and
    (ii) for at least 1,250 hours of service with such employer during the
    previous 12-month period.
29 U.S.C. § 2611(2)(A).

Accordingly, the Court finds that plaintiff has failed to state an FMLA interference claim and that such claim should be dismissed.

Finally, plaintiff is also asserting an FMLA claim based upon defendants' alleged failure to post notice of the FMLA at plaintiff's workplace. A private litigant, however, can not bring a claim based upon an employer's alleged violation of the FMLA's notice requirements. *See Gilbert v. Star Bldg. Sys.*, Case No. 97-6021, 1997 WL 687732 (10th Cir. Oct. 30, 1997);[5] *Blumenthal v. Murray*, 946 F. Supp. 623, 626-27 (N.D. Ill. 1996). Accordingly, the Court finds that plaintiff's FMLA notice claim should be dismissed.

III.    Conclusion

For the reasons set forth above, the Court GRANTS defendants' Motion to Dismiss Plaintiff's Claim for Relief under the Family and Medical Leave Act [docket no. 13] and DISMISSES plaintiff's FMLA claim (Second Cause of Action).

**IT IS SO ORDERED this 10th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[5] This unpublished opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 32.1.